UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. S. EUBANKS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-415-GSL-AZ |
| CURTIS E. KEESEE, et al., | |
| Defendants. | |

OPINION AND ORDER

James E. S. Eubanks, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Eubanks alleges that several officers at the Grant County Jail used excessive force against him on July 10, 2021, or failed to intervene in that use of excessive force. He further alleges that he was denied medical care for the injuries he sustained until a year later, on June 11, 2022, or June 12, 2022. The officers claimed that Eubanks assaulted them, and Eubanks was charged with battery against a public safety official. *See State v. Eubanks*, 27D02-2107-F6-000479 (filed July 14, 2021). That charge was dismissed on July

18, 2022. Eubanks did not file his complaint until more than two years after these events occurred, on September 18, 2024. ECF 1.

In Indiana, a two-year statute of limitations applies to Eubank's claims, which are brought pursuant to 42 U.S.C. § 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Excessive force claims accrue when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Foryoh v. Triton Coll.*, 197 Fed. Appx. 500, 501 (7th Cir. 2006) (an excessive force claim brought in connection with an arrest accrues "at the time of the arrest").

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate."). It appears from Eubank's complaint that each of his claims is time-barred. However, in the interests of justice, the

court will grant him an opportunity to explain why his claims should not be dismissed as barred by the statute of limitations.

For these reasons, this court:

(1) ORDERS James E. S. Eubanks to SHOW CAUSE by **November 20, 2024**, why this action should not be dismissed as barred by Indiana's two-year statute of limitations; and

(2) CAUTIONS James E. S. Eubanks that, if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it is barred by the statute of limitations.

SO ORDERED on October 22, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT